### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 22-22293-CMB |
| GABRIEL S. FONTANA, | Chapter 11 |
| Debtor. | |
| JTS CAPITAL 3 LLC, | |
| Plaintiff, | Adv. No. 23-2010-CMB |
| v. | |
| PITTSBURGH DEVELOPMENT GROUP, LLC, | Related to Doc. No. 10 |
| Defendant, | |
| v. | |
| GABRIEL FONTANA, | |
| Third-Party Defendant. | |

*Appearances*: Jillian Nolan Snider, Esq., for Plaintiff
Jonathan R. McCloskey, Esq., for Defendant
Andrew K. Pratt, Esq., for Third-Party Defendant/Debtor

### MEMORANDUM OPINION

The dispute in this case centers on the ownership and control of the entity Pittsburgh Development Group, LLC ("PDG"). The matter presently before the Court is the *Petition to Strike and/or Open* [*Confessed*] [1] *Judgment Entered Against Defendant Pittsburgh Development Group LLC* ("Petition to Open"). The action to confess judgment against PDG was initiated in the Court of Common Pleas of Allegheny County ("State Court"). Ultimately, the matter was removed and

---

[1] The petition erroneously refers to a *default* judgment instead of a *confessed* judgment.

1

then referred to this Court as related to the bankruptcy case of the Debtor, Gabriel Fontana. The Petition to Open is being pursued by Daniel Asti in the name of PDG[2] and is opposed by the Plaintiff, JTS Capital 3 LLC ("JTS"), as well as the Debtor/Third-Party Defendant, Mr. Fontana. The matter has been fully briefed, and the Court heard argument on January 25, 2024. For the reasons set forth herein, this Court finds that PDG met its burden to open the judgment.

Background and Procedural History[3]

This proceeding was commenced in State Court on December 16, 2021, when JTS filed a *Complaint in Confession of Judgment* (the "Complaint") against PDG. Therein, JTS represented that PDG executed and delivered to First National Bank of Pennsylvania ("FNB") a Promissory Note (the "Note") containing an authorization to confess judgment upon default. A copy of the Note dated June 23, 2017, was attached as an exhibit to the Complaint. The obligation under the Note was secured by a mortgage encumbering PDG's real property located at 3160 Leechburg Road, Pittsburgh, Pennsylvania (the "Leechburg Road Property"). FNB subsequently assigned its rights and interests to JTS. As a result of default in payment, JTS, as holder of the Note, filed the Complaint. Pursuant to the authority in the Note, a judgment in the amount of $216,096.04 was entered against PDG and in favor of JTS. That, however, is not the end of the matter.

The crux of the dispute is whether the identified representative purportedly binding PDG to the terms of the Note had the authority to act on behalf of PDG. The Note identifies the signatory as "Gabriel Fontana Member of Pittsburgh Development Group LLC." On April 21, 2022, the Petition to Open was filed seeking relief on the basis that Mr. Fontana was never a member of

---

[2] For simplicity throughout this Opinion, the Court refers to the Petition to Open as having been filed by PDG as it is the confessed judgment entered against PDG that is challenged here. Notwithstanding, this Court makes no finding herein as to ownership of PDG or the authority to act on PDG's behalf.

[3] The background information can generally be found in the State Court filings and stipulated facts section of the *Joint Statement of the Parties*. *See* Doc. Nos. 10 and 45.

PDG and did not have authority to execute the Note on behalf of PDG. Instead, Daniel Asti, representing himself as the true owner of PDG,[4] contends that he had no knowledge of the Note until after judgment was entered. PDG sought the opportunity to answer the Complaint so that the case could proceed to an adjudication on the merits.

As a result of the Petition to Open, JTS was directed to respond, which it did by filing an *Answer and New Matter*. PDG filed a *Reply to New Matter*. Discovery commenced, and the State Court set briefing deadlines. Unsurprisingly, based on the allegations, discovery was directed to Mr. Fontana during this timeframe. Ultimately, PDG filed its motion to join Mr. Fontana as an additional defendant asserting that, to the extent PDG may be found liable to JTS, Mr. Fontana is liable to indemnify PDG. By Order dated September 19, 2022, the State Court granted the motion and authorized the Third-Party Complaint against Mr. Fontana. Mr. Fontana responded by filing *Preliminary Objections* contending that the Third-Party Complaint should be dismissed. However, before resolution of the matter, Mr. Fontana filed his petition for relief under Chapter 11 of the Bankruptcy Code on November 18, 2022, resulting in a stay of the State Court proceedings against him.

In January 2023, JTS removed the State Court action to the United States District Court for the Western District of Pennsylvania on the basis that the action is related to Mr. Fontana's bankruptcy case. By Order dated January 27, 2023, the District Court referred the case to this Court. Thereafter, all parties consented to entry of final orders or judgments by this Court. *See* Doc. Nos. 17, 19, 21. Although both PDG's Petition to Open and Mr. Fontana's Preliminary Objections were pending at the time of removal, the parties agreed that the Petition to Open should

---

[4]     Mr. Asti has since clarified that he owns PDG with his wife, Jennifer Asti.

3

be adjudicated first. After a period of discovery, submission of briefs,[5] consideration of the evidence and arguments, the matter is now ripe for decision.

## Standard

The Court finds, and the parties agree, that Pennsylvania law must be applied to resolve the Petition to Open.[6] Specifically, pursuant to Pa.R.Civ.P. 2959, a party requesting relief from a confessed judgment may seek to strike off the judgment and/or open the judgment. The two forms of relief are distinct. *See Neducsin v. Caplan*, 121 A.3d 498, 504 (Pa. Super. Ct. 2015). Where there are defects or irregularities on the face of the record, striking the judgment is appropriate relief. *Id.* Such a review is limited to the complaint in confession of judgment and its attachments. *Id.* Alternatively, where the petitioner disputes the factual averments within the complaint and exhibits, opening the judgment must be sought. *Id.* at 504-05. In determining whether to open the judgment, a court must look outside the record to resolve the petition. *Id.*

In this case, the issue before the Court has been limited to whether the confessed judgment should be opened.[7] A confessed judgment may be opened where (1) action is taken promptly to open the judgment, (2) a meritorious defense is alleged, and (3) sufficient evidence is produced for the case to be submitted to a jury. *See Neducsin*, 121 A.3d at 506. Significantly, the evidence must be viewed "in the light most favorable to the moving party, while rejecting contrary evidence

---

[5] PDG's exhibits were submitted with its brief at Doc. No. 51 and identified as Exhibits A-K. JTS included exhibits with its brief at Doc. No. 52 and identified those as Exhibits 1-10. Mr. Fontana's brief also relies on Exhibits 1-10.

[6] *See FDIC v. Deglau*, 207 F.3d 153,166-67 (3d Cir. 2000) (holding that Pennsylvania law applies to the substantive aspects of a motion to open or strike a confessed judgment).

[7] Although PDG initially argued that it could successfully pursue either striking or opening the confessed judgment, in the Order dated October 10, 2023 (Doc. No. 49), the Court specifically directed PDG to address *striking* the confessed judgment in its brief or otherwise pursue only *opening* the judgment and limit its brief to that issue. As PDG failed to address striking the confessed judgment in its brief and subsequently confirmed on the record that such relief was no longer being pursued, that argument is abandoned.

of the non-moving party." *See Axelrod v. Zibelman*, No. 1628 EDA 2022, 2023 WL 3615201, at *2, 2023 Pa.Super.Unpub. LEXIS 1272, at *5 (Pa. Super. Ct. May 23, 2023) (quoting *Neducsin*, 121 A.3d. at 506-07). Nonetheless, the party petitioning for relief must present "clear, direct, precise and believable evidence" to open the judgment. *See Stahl Oil Co. v. Helsel*, 860 A.2d 508, 512 (Pa. Super. Ct. 2004).

<u>Analysis</u>

The Court begins the analysis with the question of whether the Petition to Open is timely. Pursuant to Pa.R.Civ.P. 2959(a)(3), such a petition is to be filed within thirty days of specific written notice, which includes notice provided under Rule 2958.1.[8] Rule 2959(a)(3) goes on to provide, "[u]nless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied." The thirty-day deadline has been characterized as mandatory absent compelling reasons for untimeliness. *See Driscoll v. Arena*, 213 A.3d 253, 258 (Pa. Super. Ct. 2019). As JTS and Mr. Fontana contend the relief sought is untimely under this rule, the Court first addresses whether PDG's challenge ends without consideration of PDG's asserted defense.

Here, the record of the State Court proceeding reflects that *Notice Under Rule 2958.1 of Judgment and Execution Thereon* (the "Notice") was directed to the attention of an officer or member of PDG at the Leechburg Road Property. There appears to be no dispute that the Notice was delivered on December 22, 2021. The Notice clearly provides the following warning: "YOU MUST FILE A PETITION SEEKING RELIEF FROM THE JUDGMENT AND PRESENT IT

---

[8] Rule 2959(a)(3) provides "[i]f written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied." As relevant here, Rule 2959(a)(3) refers to notice pursuant to Rule 2956.1(c)(2), which conditions execution upon a judgment entered by confession upon service of notice as provided by Rule 2958.1.

5

TO A JUDGE WITHIN THIRTY (30) DAYS AFTER THE DATE ON WHICH THIS NOTICE IS SERVED ON YOU….." Counting from the date of delivery, it would appear the Petition to Open filed on April 21, 2022, is well outside of the thirty-day timeframe (approximately 120 days after delivery of the Notice). JTS and Mr. Fontana contend this delay is fatal to the requested relief.

In the Petition to Open, PDG offers the following explanation for the delay: (1) the Notice was served on an individual named Michelina Scott (identified as Mr. Fontana's mother), who has no affiliation with the company; (2) Mr. Asti did not become aware of the Note and litigation until March 3, 2022; (3) upon discovery, Mr. Asti first attempted to negotiate with Mr. Fontana to resolve the issue; and (4) in pursuing negotiations with Mr. Fontana, Mr. Asti was misled and delayed.

Notably, JTS and Mr. Fontana do not contend that the form of notice triggering the thirty-day deadline was served on Mr. Asti. Instead, the argument made by JTS and Mr. Fontana is somewhat circular as to the effectiveness of service. Their contention is based on the assumption that *Mr. Fontana* could authorize his mother to receive the Notice on behalf of PDG.[9] However, Mr. Fontana's authority is the crux of the dispute in this case. While Mr. Asti acknowledges discovery of the judgment on March 3, 2022, no evidence was presented nor argument made that he received the form of notice directed by Rule 2959(a)(3) to start the ticking clock. Nor does the Court find Mr. Asti's delay to be unreasonable under the circumstances as he claims he had no

---

[9] *See* Debtor's Brief, Doc. No. 53 at 17 ("The signature on the return case for the 2958.1 Notice was that of Michelina Scott, the Debtor's mother and an authorized agent for PDG who was authorized to receive PDG's mail *by the Debtor*.") (emphasis added); JTS's Brief, Doc. No. 52 at 15 ("The signature on the return case for the 2958.1 Notice was that of Michelina Scott, the Debtor's mothe[r] who was authorized to receive PDG's mail *by the Debtor*.") (emphasis added). Both JTS and Mr. Fontana cite to Pa.R.Civ.P. 403, which provides that "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt *signed by the defendant or his authorized agent.*" (Emphasis added.) To the extent there is an alternative argument that service of the Notice nonetheless started the thirty-day clock *even if Mr. Asti and his wife are the true owners of PDG*, the argument was not clearly made.

knowledge of the Note prior to learning of a judgment and believed he could resolve the issue through negotiations with Mr. Fontana.

Also compelling is the possibility that the confessed judgment is *void* regardless of whether the Petition to Open is untimely. *See Sharbonno v. Ingros Family, LLC*, No. 8 WDA 2020, 2020 WL 7238543, at *5, 2020 Pa.Super.Unpub. LEXIS 3802, at *12 (Pa. Super. Ct. Dec. 9, 2020) (addressing in the context of a petition to strike that *either* a compelling reason for delay *or* a void judgment could save an untimely petition). A void judgment has no effect; it cannot become valid due to passage of time. *See id.* (citing *Driscoll*, 213 A.3d at 257). Here, PDG contends that it cannot be bound to the Note, because Mr. Fontana fraudulently misrepresented himself as a member of PDG. If true, enforcing the Note and permitting a confession of judgment would lead to an absurd result. *See M & P Mgmt., L.P. v. Williams*, 937 A.2d 398, 401 (Pa. 2007) ("If a confessed judgment is mistakenly entered against a person who never had any relationship with the judgment holder, it would be absurd to believe that the judgment, with no basis in law or fact, becomes valid merely because notice was given and thirty days elapsed."). *See also Harris v. Harris*, 239 A.2d 783, 784 (Pa. 1968) (observing "that a forged, fraudulent and spurious instrument is not binding on any person"). The allegations in the Petition to Open go to the validity of the judgment itself. As such, to the extent the confessed judgment here is alleged to be void, the Petition to Open cannot be untimely.

Next, the Court must assess PDG's alleged defense that it cannot be bound to the Note which it did not authorize. If proven, PDG's defense would be meritorious. The issue then is whether PDG produced sufficient evidence to create a question of fact for trial as to the ownership and control of PDG. The evidence presented must be viewed in the light most favorable to PDG, as the party seeking relief from the judgment. *See Neducsin*, 121 A.3d at 506-07. Significantly, at

7

this stage, PDG is not required to prove that it will ultimately prevail if the judgment is opened. *See id*.

In this case, it appears that no certificates of ownership interest exist, and the Court must consider other evidence of ownership. *See Health and Body Store, LLC v. Justbrand Ltd.*, 480 F.App'x 136, 139 & n.5 (3d Cir. 2012) (considering testimony and the ownership interest stated in Schedule K-1's generated from IRS Form 1065 where there were no certificates of ownership interest in the record). Notably, the Certificate of Organization dated October 31, 2011, is of little assistance. Therein, the organizer is identified as Joshua M. Moyer, Esq. *See* Exhibit C. The Certificate of Organization does not refer to Mr. Fontana, Mr. Asti, or Mrs. Asti (who is alleged to have 50/50 ownership with her husband). Further, the following statements are stricken:

- "A member's interest in the company is to be evidenced by a certificate of membership interest."
- "Management of the company is vested in a manger or managers."

According to Mr. Asti's deposition testimony, Mr. Fontana approached him several times about purchasing the Leechburg Road Property, because Mr. Fontana was unable to obtain a loan to do so himself. *See* Exhibit E at 19. Ultimately, Mr. Asti claims that they reached an agreement whereby PDG would be set up by Mr. Fontana's attorney to purchase the property,[10] the purchase would be funded by Mr. Asti, and Mr. Asti would own PDG. *See id.* at 19-20. Mr. Fontana would then house his businesses at the property and pay rent. *See id.* at 20. Mr. Asti asserts that evidence exists to substantiate his claim of ownership. *See id.*

---

[10] JTS and Mr. Fontana seem to contend that the identification of Mr. Moyer as organizer of PDG and Mr. Fontana's attorney is somehow dispositive evidence of Mr. Fontana's ownership of PDG. The Court disagrees. That the parties may have used an attorney retained by Mr. Fontana to set up PDG does not necessarily answer the question of ownership of PDG. The impact of this and other evidence are more appropriately considered and weighed at trial.

8

Mr. Asti produced the April 4, 2012, HUD Settlement Statement from the purchase of the Leechburg Road Property, and it is undisputed that Mr. Asti funded the purchase of that property. *See* Exhibit F. With respect to PDG's tax returns, those were prepared by Kevin McQuillan, a CPA, from 2012-2020. *See* Exhibit G at 19, 24-26. Mr. McQuillan testified that Mr. and Mrs. Asti were identified as each owning 50% of the company in Schedule K-1. *See* Exhibit G at 19, 26-27; Exhibit H. The accountant also confirmed that the information used to prepare the returns and report the ownership of PDG was provided by Mr. Fontana and Mr. Fontana was shown a copy of the 2012 return before it was filed. *See* Exhibit G at 19, 22. Further, he confirmed that, pursuant to his standard operating procedures, he would have told Mr. Fontana about the ownership percentages reported in the return, and to the best of his knowledge, Mr. Fontana agreed that the ownership reported was accurate. *See id.* at 26, 30-31. Significantly, in 2017 (the same year the Note was signed), Mr. McQuillan recalls conversations with Mr. Fontana about potentially purchasing the Astis' ownership interest in PDG and conversations with Mr. Asti questioning why he (presumably referring to PDG) still owned the building where Mr. Fontana ran his business. *See id.* at 36-37. Taken together, this evidence provides adequate support for Mr. Asti's claim of ownership at this juncture. The evidence is sufficiently clear, direct, precise, and believable in support of the Petition to Open.

At this stage, the Court is bound to view the evidence "in the light most favorable to the moving party, while rejecting contrary evidence of the non-moving party." *See Axelrod*, 2023 WL 3615201, at *2, 2023 Pa.Super.Unpub. LEXIS 1272, at *5 (quoting *Neducsin*, 121 A.3d. at 506-07). In opposing the Petition to Open, JTS and Mr. Fontana have cited to contrary evidence,[11]

---

[11] JTS and Mr. Fontana also cite to a letter dated November 7, 2011, in which the Internal Revenue Service assigned an Employer Identification Number to PDG and identified Mr. Fontana as the sole member of PDG. *See* Exhibit 4. At this time, the Court does not draw any conclusions from this letter other than to note that contrary, independent evidence exists to support Mr. Fontana's claim of ownership as well.

including a purported operating agreement of PDG signed only by Mr. Fontana as the single member. *See* Exhibit 2. The authenticity and validity of the document is challenged by Mr. Asti. *See* PDG's Brief, Doc. No. 51 at 13-14. Much of the opposition to the Petition to Open is also dependent upon the testimony of Mr. Fontana which contradicts that of Mr. Asti. However, this is not the time to weigh the evidence and assess credibility. Ultimately, when that time comes, the credible evidence may reveal a blatant misrepresentation of an ownership interest to either FNB or the IRS. Alternatively, the Court may discover innocent misunderstandings and poor documentation and implementation of the terms of the arrangement between Mr. Asti and Mr. Fontana. Perhaps Mr. Asti funded the purchase of the Leechburg Road Property with the understanding that he would maintain an ownership interest in PDG and reap the tax benefits or perhaps he did so as part of an undocumented loan to Mr. Fontana with the promise of tax benefits regardless of how that result was achieved. That, however, is not the matter before the Court at this time and will be reserved for a different day. To be clear, the ownership of PDG is far from certain based on the record; however, a party need not establish that it will ultimately prevail in order for a confessed judgment to be opened.

## Conclusion

Based on the foregoing, PDG's request to open the confessed judgment is granted to permit an adjudication on the merits. To the extent PDG also sought to strike the judgment, that argument is deemed abandoned, and the request is therefore denied. An Order will be entered consistent with this Memorandum Opinion.

Date: February 22, 2024                     /s/ Carlota M. Böhm
                                            Carlota M. Böhm
                                            United States Bankruptcy Judge

FILED
2/22/24 10:53 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

10